Reid v. Simmons, et al.                    CV-89-152-M    08/22/97

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Gordon C. Reid

    v.                                      Civil No. 89-152-M

Officers Gary Simmons, Ronald Paul,
James Ahern, and Richard Gilman

**O R D E R**

    Gordon Reid has filed two motions pertaining to his ongoing
discovery and one motion for "clarification of claims."  The
motions are resolved as follows.

1.    **Motion for Imposition of Sanctions (III)  Document No. 230**

    Reid contends that four copies of documents attached to
interrogatory answers by defendants are illegible, and argues
that defendants are acting in bad faith to delay discovery.  He
asks that defendants be sanctioned by precluding them from
denying that they knew the contents of the DCYF file (presumably
referring to the time of his arrest).  The defendants, through
counsel, respond that the copies of documents that they provided
are the best copies that could be obtained from the microfilm
source of the documents.  The defendants also point out that
although the documents are difficult to read, they are legible.

    The court agrees that the four pages Reid attached to his
motion are dark and difficult to read but are not illegible.  If
those are the best available copies, no bad faith or intentional
obstruction of discovery can be inferred from defendants' use of

the copies.  Consequently, Reid's motion for sanctions (document no. 230) is denied.

**2.    Motion to Compel Further Response to Subpoena**

**Duces Tecum (III) Document No. 228**

In response to this court's order, DCYF provided its file pertaining to Misty P. (and members of her family) to Reid.  When parts of the DCYF file seemed to be missing from the documents provided to Reid, he moved to compel production of additional materials, which motion was partly granted.  DCYF has now responded by providing copies of previously withheld police reports and explaining in a letter from Ann Larney, Assistant Attorney General, and an attached affidavit by Rogers Lang, DCYF Legal Coordinator, that any other documents that might have been in the file have probably been destroyed due to the age of the file.  The affidavit provides details of DCYF's procedures and practices with respect to handling case files.  Nothing further is required.

Accordingly, Reid's motion to compel (document no. 228) is denied.

**3.    Motion for Clarification of Claims**

Reid moves to clarify his remaining claims against defendants in light of the First Circuit's disposition in <u>Reid v. State of New Hampshire</u>, 56 F.3d 332 (1st Cir. 1995).  That appellate opinion first interpreted Reid's third amended

complaint to state claims against the police defendants for "negligence, false arrest, malicious prosecution, wrongful withholding of exculpatory evidence, and conspiracy." Id. at 336. The opinion then construed the false arrest and malicious prosecution claims as state tort claims, and construed only the withholding exculpatory evidence assertion as a federal due process claim. Id. at 341. The opinion concludes by stating: "We vacate the judgment entered in favor of the police defendants, Simmons, Gilman, Ahern and Paul, on the false arrest, malicious prosecution, and due process claims, and remand all claims against the police defendants for further proceedings, including reasonable discovery." Id. at 343. The mandate remanding the case to this court reiterates the opinion's language.

Although this court has proceeded under the assumption that Reid's remaining claims were those upon which judgment was vacated, the appellate opinion in Reid is sufficiently unclear that it could be interpreted to remand his claims for negligence and civil conspiracy as well. Reid has indicated in his present motion his desire to pursue state law negligence and civil conspiracy claims.[1] Accordingly, the court will broadly construe Reid's remaining claims against the four police defendants to

_____

[1] Reid also argues that he alleged "other State Constitutional claims" in his third amended complaint that survive in this action. However, as the First Circuit did not apparently find any such claims viable, or recognizably pled, no state constitutional claims, whether or not such claims were alleged in the third amended complaint, remain in this action. See Reid, 56 F.2d at 336.

3

include a negligence and a civil conspiracy claim in addition to state law false arrest and malicious prosecution claims and a federal due process "<u>Brady</u>" claim.

Reid's motion for clarification (document no. 229) is thus granted in part, as explained herein.


**SO ORDERED.**


                                 _____
                                 Steven J. McAuliffe
                                 United States District Judge

August 22, 1997

cc:  Robert G. Whaland, Esq.
     Gordon C. Reid
     Carolyn M. Kirby, Esq.
     Ann F. Larney, Esq.

4